101 F.3d 107
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Evelyn A. SCOTT and Leon Scott, Plaintiffs-Appellants-Cross-Appellees,
v.
THE DIME SAVINGS BANK OF NEW YORK, FSB,
Defendant-Appellee-Cross-Appellant.
 Nos. 95-7681, 95-7750.
 United States Court of Appeals, Second Circuit.
 March 5, 1996.
 
 1
 APPEARING FOR APPELLANT:Leon Scott, pro se, New Rochelle, New York.
 
 
 2
 APPEARING FOR APPELLEE:Michael P. Amodio, Uniondale, New York.
 
 SUMMARY ORDER
 
 3
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 4
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.
 
 
 5
 1. Plaintiffs-appellants-cross-appellees Leon and Evelyn Scott appeal, pro se, from a judgment entered May 31, 1995, in the United States District Court for the Southern District of New York, and defendant-appellee-cross-appellant The Dime Savings Bank of New York (the "Dime") cross-appeals from that judgment. After the trial of this action, the jury found in favor of plaintiffs-appellants on their claim for breach of fiduciary duty, found Leon Scott negligent 54% and the Dime negligent 46% on plaintiffs-appellants' negligence claim, found in favor of the Dime on plaintiffs-appellants' fraud claim, and assessed plaintiffs-appellants' damages at $36,000. The Dime then moved for judgment as a matter of law pursuant to Fed.R.Civ.P. 50 with respect to the breach of fiduciary duty and negligence claims, and for foreclosure of its mortgage on Evelyn A. Scott's home, reserving a life estate to her. Judge Chin denied the Rule 50 motion, directed judgment in the amount of $36,000 for plaintiffs-appellants on their claim for breach of fiduciary duty, and granted foreclosure of the mortgage with a reserved life estate for Evelyn A. Scott. This appeal and cross-appeal followed.
 
 
 6
 2. We affirm the judgment of the district court substantially for the reasons stated in the posttrial opinion of the district court. See Scott v. Dime Savings Bank, FSB, No. 88 Civ. 2298(DC), slip op. (S.D.N.Y. Mar. 28, 1995). We perceive no basis for plaintiffs-appellants' claim that Judge Chin was biased against them.